J-S48032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD STREET, | |
| Appellant | No. 215 MDA 2017 |

Appeal from the PCRA Order January 11, 2017
in the Court of Common Pleas of Lancaster County
Criminal Division at Nos.: CP-36-CR-0000277-2014
CP-36-CR-0005848-2013

BEFORE: OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED SEPTEMBER 12, 2017**

Appellant, Edward Street, appeals from the order denying his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Counsel appointed to represent Appellant has filed a **_Turner_/_Finley_**[1] "no merit" letter with this Court, along with a petition for leave to withdraw as counsel.[2] We affirm the PCRA court's denial of the PCRA petition, and grant counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **_See Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_).

[2] Neither Appellant nor the Commonwealth has filed a brief in this case. Appellant has not responded to the petition to withdraw.

We take the factual and procedural history from the PCRA court's January 11, 2017 opinion denying Appellant's PCRA petition, and our independent review of the certified record. (**See** PCRA Court Opinion and Order, 1/11/17).

> On November 5, 2013, [Appellant] knocked on the door of 41 E. Filbert Street, Lancaster City, Pennsylvania, and forced his way into the residence when the door was opened. Once inside, [Appellant] repeatedly struck Sandra Geibe in the head while demanding money and her credit card. [Appellant] then entered the bedroom of Robert Rineer, demanded more money, struck Rineer in the head, and left Rineer unconscious. . . .

(**Id.** at 1) (record citations omitted). Appellant was arrested and charged at Docket No. 5848-2013, with burglary, aggravated assault, and robbery.[3] "Additionally, at Docket No. [277-2014], Appellant was charged with another burglary[4] that occurred on November 6, 2013, when Appellant entered the residence of Albert Honsher and Robert Wilson and took several items from their residence without permission." (**Commonwealth v. Street**, No. 2174 MDA 2014, unpublished memorandum, at *1 (Pa. Super. filed June 26, 2015)).

On August 14, 2014, Appellant entered counseled open guilty pleas at both docket numbers. (**See** N.T. Guilty Plea Hearing, 8/14/14, at 2, 9). On November 7, 2014, following completion of a pre-sentence investigation

---

[3] **See** 18 Pa.C.S.A. §§ 3502(a), 2702(a), and 3701(a), respectively.

[4] **See** 18 Pa.C.S.A. § 3502(a).

report (PSI), the trial court sentenced Appellant to an aggregate sentence of not less than twenty nor more than sixty years of incarceration at Docket No. 5848-2013, and a concurrent sentence of not less than three nor more than twenty years of incarceration at Docket No. 277-2014. Appellant did not request to withdraw his guilty plea either during the sentencing hearing, or via post-sentence motion. On November 19, 2014, the trial court granted Appellant's request to file a post-sentence motion *nunc pro tunc*, and denied his post-sentence motion to modify his sentence. (**See** Order, 11/19/14).

On June 26, 2015, this Court affirmed the judgment of sentence, concluding that: the trial court did not abuse its discretion in imposing its sentence, Appellant waived his challenge to the validity of his guilty plea, and his claim of judicial misconduct was unsupported. (**See Street**, **supra** at *9-12). This Court further concluded that Appellant's issues were wholly frivolous and granted counsel's petition to withdraw. (**See id.** at *12). Appellant did not petition our Supreme Court for allowance of appeal.

On June 1, 2016,[5] Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, Dennis C. Dougherty, Esq., who filed an amended petition on September 23, 2016, alleging plea counsel's

---

[5] "[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012) (citation omitted). Appellant certified that he placed his petition in the prison mailbox on June 1, 2016.

ineffectiveness. The PCRA court conducted an evidentiary hearing on December 15, 2016, and, on January 11, 2017, it issued an order and opinion denying Appellant's petition. (**See** PCRA Ct. Op., at 7-8). Appellant timely appealed.

On February 6, 2017, counsel filed a statement of intent to file an **Anders**/**McClendon**[6] brief in lieu of a statement of errors complained of on appeal.[7] **See** Pa.R.A.P. 1925(c)(4). Counsel filed a **Turner**/**Finley** letter and a petition to withdraw from further representation with this Court. This Court entered an order on May 17, 2017, notifying Appellant that he was permitted to file a response to counsel's "no merit" letter either *pro se* or via retained counsel within thirty days. (**See** Order, 5/17/17). Appellant has not filed a response to counsel's "no merit" letter. Preliminarily, we must review whether counsel is entitled to withdraw.

> . . . **Turner**/**Finley** counsel must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed,

---

[6] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185, 1188 (Pa. 1981).

[7] It is well settled that "[c]ounsel petitioning to withdraw from PCRA representation must proceed not under **Anders** but under **Turner** [**supra**] and **Finley**, [**supra**]." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007). In this case, counsel later acknowledged this initial error and proceeded pursuant to **Turner**/**Finley**. (**See Turner**/**Finley** Letter, 5/15/17, at 1, n.1).

- 4 -

explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner**/**Finley** request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Wrecks**, **supra** at 721 (citations omitted).

Here, counsel identified the issue that Appellant wanted to have reviewed, explained why and how it lacked merit, sent Appellant a copy of his request for permission to withdraw and his **Turner**/**Finley** "no merit" letter, and advised Appellant of his right to proceed *pro se* or retain other counsel. We have determined that counsel has substantially complied with the requirements of **Turner**/**Finley**. Accordingly, we will proceed with our independent review of the merits of Appellant's claims.

The **Turner**/**Finley** letter raises three questions for this Court's review:

I. [Whether] counsel provided ineffective assistance undermining the truth-determining process so that no reliable adjudication of guilt or innocence could have taken place[?]

II. [Whether Appellant's] guilty plea was lawfully induced[?]

III. [Whether Appellant's] sentence was greater than the lawful maximum[?]

(*Turner*/*Finley* Letter, at 2-3).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted).

Appellant's first two issues allege the ineffectiveness of plea counsel, arguing that counsel was ineffective for advising him to plead guilty. (*See Turner*/*Finley* Letter, at 2, 4-8; *Pro Se* Petition for Post Conviction Relief, 6/1/17, at 9-19). In his first issue, Appellant contends that counsel was ineffective for advising him to plead guilty because counsel was aware of possibly mitigating DNA evidence, (the pants Appellant was wearing at the time of his arrest, which he argued should have been tested for the victims' DNA), and failed to have it tested. (*See Pro Se* Petition for Post Conviction Relief, at 3-4, 14-19). In his second issue, Appellant argues that counsel misrepresented the sentence that he would receive. (*See id.* at 9-13). These issues lack merit.

To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of

arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Wah*, *supra* at 338-39 (citations and quotation marks omitted); *see also*

*Commonwealth v. Hickman*, 799 A.2d 136, 140–41 (Pa. Super. 2002).

In this case, the PCRA court conducted an evidentiary hearing, during which it heard testimony from both Appellant and his trial counsel concerning whether Appellant's guilty plea was knowing, intelligent and voluntary. On January 11, 2017, the court issued an order and opinion in which it found that Appellant was aware that he was entering into an open plea, the trial court conducted an adequate colloquy prior to Appellant pleading guilty, and it advised him of the maximum sentence. (*See* PCRA Ct. Op., at 7-8). The court found trial counsel's testimony that he advised Appellant of the maximum possible sentence, to be credible. (*See id.* at 10; N.T. Hearing, 12/15/16, at 94). It found Appellant's testimony that he did not intend to plead guilty lacked credibility, (*see* N.T. Hearing, at 95), and reasoned that it was directly refuted by Appellant reiterating that he

- 7 -

understood his rights, was guilty of the crimes, and wished to plead guilty, at both the plea and sentencing hearings. (*See* PCRA Ct. Op., at 10). The court then concluded that Appellant failed to establish that his plea was involuntary, thus his ineffectiveness claim lacked merit, and therefore denied his petition. (*See id.* at 11).[8]

Upon review, we conclude the record supports the PCRA court's determination that Appellant did not enter an unknowing or involuntary plea. Furthermore, given the victims' identification of Appellant, counsel's advice to plead guilty without testing Appellant's pants for the victims' DNA was "within the range of competence demanded of attorneys in criminal cases." *Wah*, *supra* at 338-39 (citation omitted). Appellant's first two issues are meritless.

In the third allegation of error, the *Turner*/*Finley* letter claims that Appellant's sentence was illegal. (*See Turner*/*Finley* Letter, at 8-10). This issue does not merit relief.

A challenge to the legality of a sentence is a question of law for which our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Wolfe*, 106 A.3d 800, 802 (Pa. Super. 2014), *affirmed*, 140 A.3d 651 (Pa. 2016) (citation omitted). "If no statutory authorization

---

[8] The PCRA court also stated that even if the underlying claim was of arguable merit, Appellant failed to establish that counsel did not have a reasonable basis for his actions, or that he was prejudiced by those actions. (*See* PCRA Ct. Op., at 11-12).

exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Watson***, 945 A.2d 174, 178–79 (Pa. Super. 2008). The maximum sentence for a felony of the first degree is not more than twenty years of incarceration. ***See*** 18 Pa.C.S.A. § 1103(1). "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa. Super. 2011) (quotation marks and citation omitted).

Here, Appellant pleaded guilty to four felonies of the first degree. (***See*** N.T. Hearing, at 3-5). The sentences did not merge and the sentence imposed on each count did not exceed the twenty-year maximum. (***See*** N.T. Sentencing, 11/07/14, at 14-15). The trial court's decision to impose the sentences at Docket No. 5348-2013 consecutive to each other and concurrent to the sentence at Docket No. 277-2014 does not render the sentences illegal. ***See Prisk***, ***supra*** at 533. Therefore, Appellant's third issue is meritless.

The PCRA court properly found that Appellant's claims of ineffective assistance of trial counsel lack merit. ***See Wah***, ***supra*** at 338-39. Moreover, our independent review of the certified record does not reveal any other meritorious issues. ***See Wrecks***, ***supra*** at 721.

Order affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/2017